UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Tiffany Renee Moore,　　　　　　　　　　　　　Case No. 22-41852-MLO
　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　Debtor.　　　　　　　　　　　　　　Hon. Maria L. Oxholm
_____/

Mark H. Shapiro, Trustee,

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Adversary Proc. 22-

Claudia Moore,

　　　　　　Defendant.
_____/

## COMPLAINT TO AVOID AND RECOVER TRANSFERS

### Jurisdiction

1.　　This is an adversary proceeding relating to the Chapter 7 bankruptcy case of Tiffany Renee Moore ("Debtor"), case no. 22-41852-MLO, filed with the U.S. Bankruptcy Court for the Eastern District of Michigan on March 12, 2022.

2.　　Chapter 7 Trustee Mark H. Shapiro ("Trustee") seeks to avoid and recover transfers made to or for the benefit of Defendant. The statutory support for the Trustee's claims is found at 11 U.S.C. §§ 544, 547, 548, and 550; and Fed. R. Bankr. P. 7001(1).

3. This is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A), (F) and (H) and 28 U.S.C. § 1334.

4. The Trustee consents to the Bankruptcy Court entering a final order or judgment in this proceeding.

## General Allegations

**The Transfers**

5. Defendant prepared the Debtor's 2021 state and federal tax returns.

6. The 2021 federal tax return included $75,000 in Covid relief credits that the Debtor was not eligible to receive.

7. By including the Covid relief credits, the Debtor's federal tax return reflected a refund due of $27,590.

8. On March 1, 2022, the Debtor received a federal tax refund of $27,590.

9. On March 1, 2022, the Debtor paid Defendant $3,000 through Cash App and $2,000 through Zelle ("Transfers").

10. At her meeting of creditors, the Debtor testified that she was unaware that Defendant had included $75,000 in Covid relief credits in her 2021 federal tax return that the Debtor was not eligible to receive.

11. At Debtor's request, Defendant amended the Debtor's 2021 federal tax return to remove the Covid relief credits, which reduced the amount of the tax

refund due under the return to $5,589. As a result, the Debtor owes the IRS $22,001.

**Debtor's bankruptcy filing**

12. On March 12, 2022, the Debtor filed her Chapter 7 bankruptcy petition. (Case # 22-41852, Doc 1.)

13. The Debtor's schedules show $8,237.92 in unencumbered, nonexempt assets. (Case # 22-41852, Doc 15, Schedules A/B, C, and D.)

14. The Debtor's schedules reflect unsecured debt of $43,110.18. (Case # 22-41852, Doc 15, Schedule E/F.)

## Count 1 – 11 U.S.C. § 547

15. The Trustee restates paragraphs 1 through 14.

16. The Transfers were made to Defendant.

17. The Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant.

18. The Debtor was insolvent at the time of the Transfers.

19. The Transfers were made within 90 days of the Debtor's bankruptcy filing.

20. The Transfers enabled Defendant to receive more than she would have received if the Transfers had not been made and Defendant had received payment of her debt under the provisions of Chapter 7 of the bankruptcy code.

21. The Trustee is entitled to avoid the Transfers. *See* 11 U.S.C. § 547(b).

WHEREFORE, the Trustee respectfully requests that this Court enter a judgment avoiding the Transfers and grant such further relief as this Court deems appropriate.

### Count 2 – 11 U.S.C. § 548(a)(1)(A)[1]

22. The Trustee restates paragraphs 1 through 21.

23. The Transfers were made less than two weeks before the Debtor filed bankruptcy.

24. The Transfers were made as part of a scheme to defraud the U.S. Government.

25. The U.S. Government became a creditor of the Debtor when the refund was issued.

26. The Debtor did not receive reasonably equivalent value in exchange for the Transfers.

27. The Transfers are avoidable by the Trustee. *See* 11 U.S.C. § 548(a)(1)(A).

WHEREFORE, the Trustee respectfully requests that this Court enter a judgment avoiding the Transfers and grant such further relief as this Court deems appropriate.

---

[1] Counts 2 through 5 are plead in alternative to Count 1.

### Count 3 – 11 U.S.C. § 548(a)(1)(B)

28. The Trustee restates paragraphs 1 through 27.

29. The Transfers are avoidable by the Trustee. *See* 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, the Trustee respectfully requests that this Court enter a judgment avoiding the Transfers and grant such further relief as this Court deems appropriate.

### Count 4 – M.C.L. § 566.34

30. The Trustee restates paragraphs 1 through 29.

31. The Transfers are avoidable by the Trustee. *See* M.C.L. §§ 566.34(1)(a) and (b) and 566.37.

WHEREFORE, the Trustee respectfully requests that this Court enter a judgment avoiding the Transfers and grant such further relief as this Court deems appropriate.

### Count 5 – M.C.L. § 566.35(1)

32. The Trustee restates paragraphs 1 through 31.

33. The Transfers are avoidable by the Trustee. *See* M.C.L. §§ 566.35(1) and 566.37.

WHEREFORE, the Trustee respectfully requests that this Court enter a judgment avoiding the Transfers and grant such further relief as this Court deems appropriate.

### Count 6 – 11 U.S.C. § 550

34. The Trustee restates paragraphs 1 through 33.

35. Defendant is the initial transferee of the Transfers.

36. The Trustee may recover the Transfers or the value of the Transfers from Defendant. *See* 11 U.S.C. § 550.

WHEREFORE, the Trustee respectfully requests that this Court enter a judgment against Defendant in the amount of $5,000, plus interest and costs, including attorney fees, and grant such further relief as the Court deems appropriate.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: September 2, 2022